BRUNNER, Receiver, Appellant, vs. CAULEY and another, Respondents.

*March 14—April 12, 1946.*

For the appellant there was a brief by *Atwell & Atwell* of Stevens Point, and oral argument by *W. E. Atwell.*

For the respondents there was a brief by *J. Meleski,* attorney, and *William E. Fisher* of counsel, both of Stevens Point, and oral argument by *Mr. Fisher.*

FRITZ, J.    On this appeal it suffices to note, in addition and in relation to the matters stated above, that the evidence introduced on the hearings before the referee warranted the matters stated in his report, including his ultimate findings and conclusions that Brunner, as receiver, was entitled to receive, as a payment to be applied on the judgment against Cauley and wife, the sum of $41.79 awarded to the receiver out of the $1,000 deposited in court under the stipulation for the release of the cattle.    Consequently, the court did not err in confirming on July 6, 1942, the referee's report and award, and then ordering the preparation by plaintiff of a judgment to be entered accordingly.    Upon plaintiff's failure to comply with that order by preparing the judgment and causing it to be entered within sixty days of July 6, 1942, the circuit court clerk could have prepared and entered judgment accordingly, but without costs to either party (sec. 270.66, Stats.) ; and the court could have directed the clerk to do that.    However, when the court, on its motion, in view of plaintiff's failure to cause judgment to be entered within the sixty-day period after July 6, 1942, finally in July, 1945, adjudged and determined that plaintiff's complaint be dismissed upon the merits, the court was in error.    Although plaintiff was then no longer entitled to costs, he clearly was still entitled to have the judgment award to him said sum of $41.79 as reported and found by the referee and confirmed by the court in its order of July 6, 1942.    Consequently it follows that the provision in the judgment dismissing the complaint must be reversed with directions to adjudge in lieu thereof that plaintiff is entitled to the award of said sum of $41.79.

As the respondents are not responsible for the discrepancy between the judgment which was to be entered pursuant to the court's order of July 6, 1942, and the judgment of dismissal

which was entered in July, 1945, and as defendants' above-stated notice and consent to have the finally entered judgment properly amended was given prior to the transmittal of the record to this court, no costs will be allowed on this appeal to appellant, and he shall pay the clerk's fees.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with the opinion.

RECTOR, J., took no part.